# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
Hannah Morrison and Dodge Woertendyke,

                        Plaintiffs,

        - against-

The City Of New York, Brendan Bradley, Shield No. 1507,
Erin McMorrow, Shield No. 2386, and John Does #1-5,
                      Defendants.
------------------------------------------------------------------------X

**SUMMONS**

Index No.:

Plaintiff designates
New York County as the
place of trial

The basis of venue is:
The situs of occurrence

TO THE ABOVE-NAMED DEFENDANTS:

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  New York, New York
          October 27, 2021

The nature of this action is for violation of Plaintiff's Civil and Constitutional Rights.
The relief sought is monetary damages.

                                  **LIAKAS LAW, P.C.**

                                  ------------------------------------------
                                  BY: Nicholas Mindicino, ESQ.
                                  *Attorney for Plaintiff*
                                  65 Broadway, 13th Floor
                                  New York, N.Y. 10006
                                  (212) 937-7765

   **If you fail to respond, judgment will be entered against you by default, with interest from date of incident.**

<u>Defendants:</u>
**City of New York**
Office of the Corporation Counsel
100 Church Street
New York, New York 10007

**Det. Brendan Bradley, Shield No. 1507**
NYPD Warrant Section
1 Police Plaza, New York NY 10038

**Sgt. Erin McMorrow, Shield No. 2386**
Patrol Borough Manhattan South
1 Police Plaza, New York NY 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
Hannah Morrison and Dodge Woertendyke,

                Plaintiffs,

     - against-

The City Of New York, Brendan Bradley, Shield No. 1507, Erin McMorrow, Shield No. 2386, and John Does #1-5
                Defendants.
------------------------------------------------------------------------X

VERIFIED COMPLAINT

Plaintiffs, by their attorneys, LIAKAS LAW, P.C., as and for this Complaint, alleges as follows:

### Preliminary Statement

1. This is a civil rights action in which plaintiffs seek relief through the laws of the United States and the State of New York for the violation of their right to be Free of Unreasonable Search and Seizure under the United States and the New York State Constitutions.

2. The claim arises from a September 27, 2020 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to false arrest, malicious prosecution, assault, battery, and uses of excessive force.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper

### JURISDICTION & VENUE

4. Within 90 days of the incidents alleged in this complaint, Plaintiffs served upon Defendant, City of New York, a Notice of Claim setting forth the name and post office

address of Plaintiffs, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damages or injuries claimed.

5. More than 30 days have elapsed since Plaintiffs' Notice of Claim was served on Defendant.

6. Venue is proper in the Supreme Court of the State of New York, New York County, because the acts in question occurred in the State of New York, New York County, and the City of New York is subject to personal jurisdiction in the Supreme Court of the State of New York, New York County.

## PARTIES

7. Plaintiff Hannah Morrison is a resident of the State of Georgia.

8. Plaintiff Dodge Woertendyke is a resident of the State of New York, Kings County.

9. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10. NYPD Officer Brendan Bradley, Shield No. 1507, Erin McMorrow, Shield No. 2386, and John Does #1-5 were at all relevant times police officers of the NYPD, and as such were acting in the capacity of agent, servant and employee of the City of New York. On information and belief, defendants Bradley, McMorrow and John Does #1-5 were involved

10. in the illegal arrest and prosecution of plaintiffs, the assault/battery committed against Plaintiffs and/or failed to intervene in the actions of their fellow officers. Defendants Bradley, McMorrow and John Does #1-5 are sued in their individual capacities.

11. John Does #1-5 are individual police officers involved in the arrest and prosecution of Plaintiffs whose names are not presently in Plaintiffs' possession.

## FACTUAL HISTORY

12. On September 17, 2020 at approximately 5:00 pm Plaintiffs were near the intersection of Greenwich Street and Liberty Street in New York, NY.

13. Plaintiffs were participating in lawful protest activities.

14. Plaintiffs were on the sidewalk, and were not obstructing pedestrian traffic nor were they creating a disturbance.

15. An officer believed to be defendant McMorrow seized Plaintiff Woertendyke.

16. Seconds later officers charged at both plaintiffs and tackled them to the ground.

17. Defendants applied unnecessary and excessive force to both plaintiffs and assaulted and battered them.

18. Plaintiffs did not resist the officers, nor did they strike or attempt to strike the officers, and posed no risk to officer safety.

19. Defendants arrested both Plaintiffs.

20. Both Plaintiffs were taken to a police precinct and detained for several hours.

21. At approximately 11:00 pm Plaintiff Woertendyke was released with a summons ticket requiring him to appear in court on a later date.

22. At approximately 11:30 pm Plaintiff Morrision was released with a desk appearance ticket requiring her to appear in court on a later date.

23. The charges alleged against both Plaintiffs were later dismissed.

24. At all times herein, the defendants lacked probable cause to believe Plaintiffs had committed any crime.

25. Defendants acted under color of law at all times during this incident.

## DAMAGES

26. As a direct and proximate result of the acts of defendants, Plaintiffs suffered the following injuries and damages:

    a. Violation of their Federal and New York State Constitutional right to Due Process of Law;

    b. Violation of their Federal and New York State Constitutional right to be free from unreasonable searches and seizures;

    c. Loss of Liberty;

    d. Physical pain and suffering;

    e. Physical injuries;

    f. Emotional distress, including fear, anger, embarrassment, depression, and anxiety.

## FIRST CAUSE OF ACTION
(False Arrest Under New York State Law)

27. The above paragraphs are here incorporated by reference.

28. Defendants subjected plaintiffs to false arrest, false imprisonment, and deprivation of liberty without probable cause.

29. Defendants intended to confine plaintiffs and in fact confined them.

30. Plaintiffs were conscious of the confinement and did not consent to it.

31. The confinement of Plaintiffs was not privileged.

32. Plaintiffs were damaged by their wrongful imprisonment.

## SECOND CAUSE OF ACTION
(Assault Under New York State Law)

33. The above paragraphs are here incorporated by reference.

34. Defendants made plaintiffs fear their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

35. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under common law, and the laws and Constitution of New York State.

36. Plaintiffs were damaged by defendants' assault.

## THIRD CAUSE OF ACTION
(Battery Under New York State Law)

37. The above paragraphs are here incorporated by reference.

38. Defendants engaged in and subjected plaintiffs to immediate harmful and/or offensive touching and battered them.

39. Defendants used excessive and unnecessary force against plaintiffs.

40. Plaintiff was damaged by defendants' battery.

## FOURTH CAUSE OF ACTION
(Respondeat Superior)

41. The above paragraphs are here incorporated by reference.

42. The defendants' tortious acts were undertaken within the scope of their employment by Defendant City of New York and in furtherance of the Defendant City of New York's interest.

43. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant City of New York, Plaintiffs were damaged.

44. The City of New York is liable for the tortious acts of its employees by reason of respondeat superior.

### FIFTH CAUSE OF ACTION
(42 U.S.C. §1983)

45. The above paragraphs are here incorporated by reference.

46. Defendants have deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and have conspired to deprive them of such rights and are liable to Plaintiffs under 42 USC § 1983.

47. Defendants' conduct deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

48. Defendants' conduct deprived Plaintiffs of their right to due process of law, pursuant to the Fourteenth Amendment to the United States Constitution.

49. Defendants' conduct deprived Plaintiffs of the right to freedom of speech, expression and assembly in violation of the First Amendment to the United States Constitution.

50. Defendants falsely arrested plaintiffs without probable cause to believe either plaintiff had committed a crime, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

51. Defendants used excessive and unnecessary force against Plaintiffs, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

52. Defendants prevented Plaintiffs from engaging in legally protected free speech activities by arresting them while engaged in protest activities.

53. Defendants failed to intervene in each other's obviously illegal actions.

54. Plaintiffs have been damaged as a result of defendants' wrongful acts.

FILED: NEW YORK COUNTY CLERK 10/27/2021 04:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 159784/2021
RECEIVED NYSCEF: 10/27/2021

Case 1:21-cv-10647-PKC   Document 1-1   Filed 12/15/21   Page 10 of 12

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendants as follows:

(A)  compensatory damages in an amount to be determined at trial for each of Plaintiff's Causes of Action;

(B)  punitive damages in an amount to be determined at trial;

(C)  an order awarding Plaintiff reasonable attorneys' fees and costs;

(D)  such other further relief as the Court may deem just and proper.

Dated: New York, New York
October 27, 2021

>Yours, etc.
>LIAKAS LAW, P.C.
>
>By: _____
>Nicholas Mindicino, ESQ.
>*Attorneys for Plaintiff*
>65 Broadway, 13th Floor
>New York, New York 10006
>(212) 937-7765

STATE OF NEW YORK )
) ss
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for Plaintiff in the within action; I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
October 27, 2021

_____
NICHOLAS MINDICINO, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Hannah Morrison and Dodge Woertendyke,

                                          Plaintiffs,

    - against-

The City Of New York, Brendan Bradley, Shield No. 1507,
Erin McMorrow, Shield No. 2386, and John Does #1-5

                                          Defendants

**LIAKAS LAW, P.C.**
Attorneys for Plaintiff(s)
65 Broadway - 13th Floor
New York, New York 10006
212-937-7765

**SUMMONS and VERIFIED COMPLAINT**

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

Nicholas Mindicino, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:

I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated:  New York, New York
          October 27, 2021

                                                Nicholas Mindicino, ESQ.

PLEASE TAKE NOTICE

( )    that the within is a (certified) true copy of a Notice of         entered in the Office of the clerk of the within Entry named Court on

( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon.     one of the Judges of the Settlement within named Court, on     ,
at